By the Court:
Counsel for the plaintiffs in error concedes that the case is governed by the provisions of .the act referred to (93 O. L., 255) but claims that although there is not “involved exclusive of interest and costs the sum or value of more than’ ’ $300 this court has jurisdiction because, as stated in his brief, ‘ ‘the decision of the court below is contrary to the decision of another circuit court and not in accordance with decisions of this court. ’ ’ When a petition in error is filed in this court with the required *561 transcript of the record to be reviewed, they should exhibit the facts upon which the jurisdiction of this court depends. Such facts will usually appear from the transcript itself showing that the controversy involves more than $300, or that the subject of the action was of such a nature as to make it re viewable here. But when the jurisdiction of this court attaches because in the language of the statute it is a “case * * * in which the decision is contrary to that of any circuit court and not in accord with the previous decision of the Supreme Court” such facts, since they do not appear in the record, should be alleged in the petition in error with such definiteness as to inform the court and opposite counsel of the conflict of decisions claimed. This petition in error does not allege that there has been such contrary decision of any circuit court.
The manner in which counsel in his brief seeks to make such conflict apparent seems also to imply a misunderstanding of this particular provision of the statute. Obviously it is intended to secure uniformity of adjudication by providing for the submission to this court of the causes depending upon questions with respect to which opposite conclusions have been reached by different circuit courts. To bring a case within this ground of our jurisdiction it is not sufficient to show by a process of reasoning that the judgment to be reviewed is inconsistent, merely, with a decision of another circuit court. The requirment of the statute is that it shall be “contrary to” such decision, and its meaning is that opposite conclusions must have been reached in the circuit court upon the same question. Motion sustained.